IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PEDRO RAMOS-LARA, <br>              Petitioner <br>     v. <br> ERIC H. HOLDER, <br> ATTORNEY GENERAL OF THE <br> UNITED STATES, <br>              Defendant | No. 3:11cv 1781 <br><br> (Judge Munley) |

## MEMORANDUM and ORDER

Before the court for disposition is an Emergency Petition for a Stay of Removal filed by Pedro Ramos-Lara (hereinafter "petitioner"). (Doc. 1). Because this court lacks jurisdiction, the petition will be dismissed and this case closed.

**Background**

Petitioner is a native of Mexico who entered the United States in approximately 1993. (Doc. 1, Emergency Pet. for Stay (hereinafter "Pet." at 1). Although he evidently entered the country illegally, petitioner claims that he should be able to adjust his immigration status to "Permanent Resident." (Id.)

Petitioner pled guilty in the Court of Common Pleas of Adams County, Pennsylvania to possession of 1.2 grams of cocaine with the intent to deliver on April 17, 1995. (Id.) Petitioner claims that he was only seventeen years of age at the time of the guilty plea and that he was not notified that the guilty plea could have immigration consequences. (Id.) Evidently, however, immigration authorities used the conviction as the

basis to commence removal proceedings against the petitioner.[1]  The Bureau of Immigration and Customs Enforcement ("ICE") entered a final order of removal against the petitioner on March 16, 2011.  (Id. at 1).  The Immigration Court upheld the removal order on August 15, 2011.  (Id.)  Petitioner asserts that his removal is imminent.  (Id.)

Petitioner has filed a petition for a Writ of Error Coram Nobis in the Court of Common Pleas of Adams County challenging the constitutionality of his 1995 guilty plea/conviction.  (Id. at 3).  He moves this court for an immediate stay of removal pending the outcome of the state court petition.

**Discussion**

Federal courts are courts of limited jurisdiction, and thus have a continuing duty to satisfy themselves of jurisdiction before addressing the merits of a case.  Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1049 (3d Cir. 1993) cert denied sub nom Upp v. Mellon Bank N.A., 510 U.S. 964 (1993).  In fact, it is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction.  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  Moreover, federal courts have the obligation to address the question of subject matter jurisdiction *sua sponte*.  Meritcare Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214, 217 (3d Cir. 1999); see generally Nelson v. Keefer, 451 F.2d 289, 293-95 (3d Cir. 1971) (finding that the

---

[1] Petitioner states that at the time of the conviction he could not establish his age, but that he is now in possession of his birth certificate and passport which establish that he was seventeen years old during the relevant time frame.  (Pet. at 1).  He argues, *inter alia,* that ICE would not seek to remove him based upon a crime that was committed when he was a minor.

federal judiciary has been too cautious in addressing the large number of cases which do not belong in federal courts).

Petitioner here seeks a stay of his removal although the ICE has issued a final order of removal.  Under the Real ID Act of 2005, "a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision" of the Immigration and Nationality Act.  8 U.S.C. § 1252(a)(5).  That limitation applies to review sought through means of a habeas corpus petition.  Id.;  see also Kolkevich v. Att'y Gen. of the United States, 501 F.3d 323, 326 (3d Cir. 2007) (holding that the Real ID Act "eliminated availability of habeas corpus relief in the district courts for aliens seeking to challenge orders of removal.  Instead, Congress substituted petitions for review, filed with the courts of appeals within the first 30 days after issuance of an order of removal, as the sole vehicle whereby aliens could challenge their removal.").

Petitioner argues that he raises issues of substantial constitutional violations regarding his conviction, and we thus have jurisdiction.  We are unconvinced.  Without addressing whether we would, in fact, have jurisdiction if petitioner raised such issues, we note that petitioner does not seek to raise substantial constitutional issues with this court.  Rather, he seeks to challenge his final order of removal and to have the court stay his removal until such a challenge becomes ripe.

In other words, petitioner raises the constitutional issues in state court to attack his conviction.  If petitioner successfully challenges the conviction in state court, he will then challenge the removal order that is based upon that conviction. Thus, the review of the constitutional violations

in state court, necessarily implicate the final order of removal, and is thus outside this court's jurisdiction. As explained above, the proper forum for such review is the court of appeals, not the district court.

In conclusion, the petitioner asks the court to stay a case over which the court does not presently have jurisdiction, could never have jurisdiction, and would not have authority to review.[2] Accordingly, the petition for a stay of removal will be denied.

**AND NOW**, to wit, this 27th day of September 2011, Pedro Ramos-Lara's emergency petition for a stay of removal (Doc. 1) is hereby **DENIED**. The Clerk of Court is directed to close this case.

**BY THE COURT:**

**s/ James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court**

---

[2] In support of his position, petitioner cites a case where he alleges the Third Circuit Court of Appeals granted a stay of removal, not a district court, Valdiviezo-Galdamez v. Att'y Gen., No. 08-4564 (3d Cir. Mar. 26, 2009). As cited in the petition, this case does not support the petitioner's position that this court has authority to grant such a stay. Moreover, upon review of the docket in Valdiviezo-Galdamez the court was unable to locate the order referred to by the petitioner.